# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## AT BECKLEY

JARED SMITH and
MADISYN SMITH

        Plaintiffs,

v.                                                                                 Civil Action No. 5:24-cv-00438

DIRECT GENERAL INSURANCE AGENCY, INC.,
*a subsidiary of doing business as*
DIRECT AUGO INSURANCE,
ALLSTATE INSURANCE COMPANY,
*a Tennessee Corporation*, and
PEOPLES BANK,
*an Ohio Corporation*

        Defendants.

## **MEMORANDUM OPINION AND ORDER**

        Pending is Plaintiffs Jared Smith and Madisyn Smith's Motion to Remand [Doc. 5], filed August 22, 2024. Defendants Peoples Bank and National General Assurance Company ("National General") each filed a response in opposition to the Motion on September 5, 2024 [Docs. 10, 11, 12]. The matter is ready for adjudication.

## I.

        On July 22, 2024, Plaintiffs instituted this action in the Circuit Court of Wyoming County, seeking damages related to an automobile accident that totaled their vehicle. [*See generally* Doc. 1-1]. Plaintiffs allege National General Assurance and Peoples Bank were negligent in their handling of Plaintiffs' insurance claim and loan obligations, respectively. [*Id.* at 5–6]. Plaintiffs further allege National General acted in bad faith. [*Id.* at 6–7]. The Complaint

asserts the following damages:

> a.) recovery costs for the value of the subject vehicle that was totaled;
> b.) a compensatory amount for Plaintiffs' annoyance and inconvenience;
> c.) cost and attorney fees expended in prosecution of this matter; and,
> d.) any and all other relief to which the Court deems [P]laintiff[s] [are] entitled, not to exceed $75,000.

[*Id.* at 7]. Plaintiffs allege the subject vehicle was "financed through Peoples Bank for approximately $45,000 and that approximately $42,000 was still owed to Peoples Bank on the loan." [*Id.* at 2].

On August 21, 2024, with the consent of People's Bank, National General removed. [Doc. 1]. On August 22, 2024, Plaintiffs filed a Motion to Remand [Doc. 5], to which Peoples Bank and National General each responded [Docs. 10, 11, 12].

## II.

Title 28 U.S.C. § 1446 specifies the procedure for removing civil actions to federal court. The pertinent provisions are recited below:

> **(a) Generally.**--A defendant . . . desiring to remove . . . from a State court shall file . . . a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> **(b) Requirements; generally.**--(1) The notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . . .
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

> **(c) Requirements; removal based on diversity of citizenship.--**
>
> > . . .
> >
> > (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
> >
> > > (A) the notice of removal may assert the amount in controversy if the initial pleading seeks--
> > >
> > > > (i) nonmonetary relief; or
> > > >
> > > > (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded;
> > >
> > > and
> > >
> > > (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).
> >
> > (3)(A) If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3).

28 U.S.C.A. § 1446(a), (b)-(c); *see Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996); *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 865 F.3d 181, 186 (4th Cir. 2017).

Removability hinges "upon the state of the pleadings and the record at the time of removal . . . ." *Francis*, 709 F.3d 362, 367 (4th Cir. 2013) (quoting *Alabama Great S. Ry. Co. v. Thompson*, 200 U.S. 206, 216 (1906)). The removing party must establish the amount in

controversy by allegations in the notice of removal and, if challenged, by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). If "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," as does West Virginia, "the notice of removal may assert the amount in controversy." 28 U.S.C. § 1446(c)(2)(A)(ii). However, "[t]he amount in controversy is not what the plaintiff, his lawyer, or some judge thinks a jury would award the plaintiff assuming he prevails on the merits. It is what the plaintiff claims to be entitled to or demands." *Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 967 (S.D.W. Va. Nov. 29, 2011). "In this circuit, it is settled that the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (quoting *Gov't Emps. Ins. Co. v. Lally,* 327 F.2d 568, 569 (4th Cir. 1964)). "When there is no *ad damnum* clause or settlement demand, the court . . . looks to the totality of the circumstances, including the complaint, the type and extent of the plaintiff's injuries, the amounts awarded in similar cases, and losses incurred to date of removal." *Id.* at 968 (internal citations omitted).

### III.

As an initial matter, the Court notes that the issue is not resolved by reference to Plaintiffs' limitation on damages in the Complaint. While a plaintiff may generally limit the relief requested in the complaint to avoid federal jurisdiction, *see St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938), that is not necessarily the case in West Virginia. In West Virginia a specific request for or limitation on damages does not foreclose relief above that amount. *See* W. Va. R. Civ. P. 54(c) ("[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's

pleadings."). Thus, a plaintiff may "limit" the demand below the jurisdictional threshold, yet ultimately recover beyond that limit in West Virginia. *See Berry v. Nationwide Mut. Fire Ins. Co.*, 181 W. Va. 168, 177, 381 S.E.2d 367, 376 (1989) (stating, "it is not the amount stated in the *ad damnum* clause but the actual proof of the plaintiff's damages which will control"). With this in mind, district courts in West Virginia generally require more than a bare limitation on relief to find that the amount in controversy requirement is not met. *See McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 485 (S.D.W. Va. 2001) (requiring a "formal, truly binding, pre-removal stipulation signed by counsel and his client explicitly limiting recovery"); *see also Ellison v. Credit Acceptance Corp.*, 177 F. Supp. 3d 967, 968 (S.D.W. Va. 2016) (accepting a contemporaneously filed stipulation limiting damages and remanding case).

Accordingly, while Plaintiffs affirmatively stated that "the value of this case does not exceed $75,000," [Doc. 1-1 at 4 ¶ 4], Plaintiffs did not include a sum certain prayer for relief. Nor did Plaintiffs file a binding stipulation with the Complaint limiting their damages below $75,000.00. *See McCoy*, 147 F. Supp. 2d at 485. As such, the Court must examine the record at the time of removal and determine whether Defendants have met their burden to establish the amount in controversy by a preponderance of the evidence.

Plaintiffs allege as a result of National General's "bad faith when handling [Plaintiffs'] claim, Plaintiffs have suffered property loss, annoyance and inconvenience, and have incurred attorneys' fees in this litigation." [Doc. 1-1 at 7 ¶ 37]. Notably, Plaintiffs seek recovery under both *Hayseeds, Inc. v. State Farm Fire & Cas.*, 177 W. Va. 323, 352 S.E.2d 73 (1986), and *West Virginia Code* section 33-11-4. [*Id.* at 6–7]. Pursuant to *Hayseeds* and its progeny, an insurer may be liable "in addition to the damages for breach of the insurance contract, for [the policyholder's] reasonable attorney's fees incurred in vindicating the claim, net economic loss

caused by the delay in settlement, and damages for aggravation and inconvenience." *McCormick v. Allstate Ins. Co.*, 197 W. Va. 415, 421–22, 475 S.E.2d 507, 513–514 (1996). "Presumptively, reasonable attorneys' fees in this type of case are one-third of the face amount of the policy, unless the policy is either extremely small or enormously large." *Hayseeds*, 177 W. Va. at 329–30, 352 S.E.2d at 80. Furthermore, a prevailing plaintiff in a claim brought pursuant to W. Va. Code § 33-11-4(9) may recover increased costs and expenses, including increased attorney fees, resulting from the insurance company's use of an unfair business practice in the settlement or failure to settle fairly the underlying claim. *McCormick*, 197 W. Va. at 423, 475 S.E.2d at 515.

Plaintiffs seek damages for the value of their vehicle, as well as an unspecified amount for annoyance and inconvenience, attorney's fees and costs, and any and all other relief, which may include punitive damages. [Doc. 1-1 at 2, 7]. Plaintiffs have alleged National General acted in bad faith by unreasonably denying Plaintiffs' insurance claim, failing to communicate with Plaintiffs or their counsel, and failing to conduct a proper investigation. [*Id.* at 5–7]. These allegations are sufficient to prove that punitive damages are at issue in this case.

Prevailing plaintiffs in "bad faith" cases have often been awarded damages exceeding the federal jurisdictional threshold. *See, e.g.*, *Hayseeds*, 177 W. Va. at 325, 352 S.E.2d at 74 (affirming award of $150,000.00 in compensatory damages, $69,000.00 in attorney's fees, and $50,000.00 in punitive damages); *Lemasters v. Nationwide Mut. Ins. Co.*, 232 W. Va. 215, 219, 751 S.E.2d 735, 739 (2013) (awarding $400,000.00 in compensatory damages, and $30,108.71 in attorney's fees, and $200,000.00 in punitive damages against insurer in bad faith case); *see also Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 24 (S.D. W. Va. 1994) (finding amount in controversy requirement satisfied, in large part, because "[c]ourts in West Virginia have let stand punitive damages awards substantially in excess of compensatory damages

recovered in the same case."); *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) (holding that punitive damages awards may exceed compensatory damages awards by "single-digit multipliers"). Thus, it is unreasonable to assume the total amount in controversy would remain below $75,000.00 as a matter of law.

Accordingly, the Court **FINDS** that the amount in controversy in the instant case, more likely than not, exceeds the sum of $75,000.00 exclusive of interest and costs. Because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, the Motion to Remand [Doc. 5] is **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to counsel of record, to any unrepresented party.

ENTER:　　November 4, 2024

Frank W. Volk
Chief United States District Judge