# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## AT BECKLEY

JARED SMITH and
MADISYN SMITH

       Plaintiffs,

v.                                          Civil Action No. 5:24-cv-00438

DIRECT GENERAL INSURANCE AGENCY, INC.,
*a subsidiary of doing business as*
DIRECT AUTO INSURANCE,
ALLSTATE INSURANCE COMPANY,
*a Tennessee Corporation*, and
PEOPLES BANK,
*an Ohio Corporation*

       Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is Defendant Peoples Bank's Motion to Dismiss [ECF 13], filed September 23, 2024. No parties responded to the motion. The matter is ready for adjudication.

## I.

On July 22, 2024, Plaintiffs Jared and Madisyn Smith (the "Smiths") instituted this action in the Circuit Court of Wyoming County, seeking damages related to an automobile accident that totaled their vehicle. [*See generally* ECF 1-1]. The Smiths allege that Direct General Insurance Agency ("Direct General") was negligent in its handling of their insurance policy and claim, and Peoples Bank was negligent by not ensuring that the Smiths' insurance policy provided for full coverage on the financed vehicle. [*Id.* at 5–6]. The Smiths allege Direct General engaged in

common law and statutory bad faith. [*Id.* at 6–7].

On September 23, 2024, People's Bank moved to dismiss, contending it owed no duty to ensure the Smiths' insurance policy provided full coverage for loss to the financed vehicle and that recovery is barred by the gist of the action doctrine. [ECF 14].

## II.

*Federal Rule of Civil Procedure* 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The required "short and plain statement" must provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions." *Twombly*, 550 U.S. at 555. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *McCleary-Evans*, 780 F.3d at 585; *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020), *cert. denied*, 209 L. Ed. 2d 122, 141 S. Ct. 1376 (2021); *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not "forecast evidence sufficient to prove the elements of [a] claim," but it must "allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Robertson v. Sea Pines Real Est. Cos.*, 679 F.3d 278, 291 (4th Cir. 2012)) (internal quotation marks omitted). Stated another way, the operative pleading

need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). In sum, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Robertson*, 679 F.3d at 288.

As noted in *Iqbal*, the Supreme Court has consistently interpreted the Rule 12(b)(6) standard to require a court to "accept as true all of the factual allegations contained in the complaint." *Erickson*, 551 U.S. at 94 (citing *Twombly*, 550 U.S. at 555-56); *see also S.C. Dep't of Health & Env't Control v. Com. & Indus. Ins. Co.*, 372 F.3d 245, 255 (4th Cir. 2004) (citing *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002)). The court is required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). While a court's evaluation at the dismissal stage is generally limited to a review of the allegations of the complaint itself, it may also consider documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

### III.

"To prevail in a negligence suit, the plaintiff must prove by a preponderance of the evidence that the defendant owed a *legal duty* to the plaintiff," that defendant breached that duty, and that the plaintiff was injured as a result. *Dan Ryan Builders, Inc. v. Crystal Ridge Dev., Inc.*, 783 F.3d 976, 981 (4th Cir. 2015) (quoting *Strahin v. Cleavenger*, 216 W. Va. 175, 183, 603 S.E.2d 197, 205 (2004) (emphasis in original)). "Consequently, the threshold question in all actions in

negligence is whether a duty was owed." *Strahin*, 216 W. Va. at 183, 603 S.E.2d at 205.

The Smiths allege "like all banks and vehicle loan holders, [Peoples Bank] has a duty of care to act as a reasonable lien holder to protect the interest of both its own and its clients' financed asset." [ECF 1-1 at ¶ 29]. According to the Smiths, that duty "includes ensuring that adequate insurance coverage is placed on financed vehicles," and Defendant Peoples Bank breached that duty by "[f]ailing to alert Plaintiffs or Direct Auto that the subject vehicle had inadequate insurance coverage." [*Id.* at ¶ 30–31]. The Smiths cite no case law to support the duty and no allegations detailing a breach. Furthermore, nothing in the Complaint pleads a special duty to protect the Smiths' interests. Indeed, the contract between the Smiths and Defendant Peoples Bank expressly states that if the Smiths' insurance policy was insufficient to cover the outstanding balance of the loan, the Smiths were contractually obligated to pay the difference. *See* [ECF 13 at 8 ("In the event of loss or damage to the Property . . . You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference.")].[1]

For these reasons, Plaintiffs have failed to state a plausible negligence claim against Peoples Bank.

### IV.

Accordingly, the Court **GRANTS** Defendant Peoples Bank's Motion to Dismiss [**ECF 13**] and **DISMISSES** the action as to that Defendant.

---

[1] It is for this additional reason Peoples Bank is also correct the claim is barred by the gist of the action doctrine. *See Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love*, *LLP*, 231 W. Va. 577, 586, 746 S.E.2d 568, 577 (2013) (citation omitted); *Cochran v. Appalachian Power Co.*, 162 W. Va. 86, 92–93, 246 S.E.2d 624, 628 (1978) (stating that "where the gist of the action is the breach of contract . . . additional averments . . . will not convert the cause of action into one for tort")(citation omitted)).

The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to counsel of record, to any unrepresented party.

          ENTER:     February 5, 2025

Frank W. Volk
Chief United States District Judge